UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

04 MAY 18 PM 1: 46

 . . STRICT COURT
 N. D. OF ALABAMA

| | |
|---|---|
| LINDA JOAN STOCKMAN, | } |
| Plaintiff, | } |
| v. | } |
| SUNBELT TRANSPORT, INC., | } CASE NO. CV 03-B-1054-NE |
| Defendant. | } |

ENTERED
MAY 18 2004

## MEMORANDUM OPINION

This matter is before the court on defendant's unopposed Motion for Partial Summary Judgment filed on April 1, 2004. Defendant moves for summary judgment on plaintiff's wanton operation claim, negligent and wanton entrustment claims, and request for a punitive damage award.[1] As part of its Scheduling Order entered on August 26, 2003, this court attached a Summary Judgment Scheduling Order as Exhibit A. (Doc. 6, Ex. A.) Exhibit A set deadlines for filing evidentiary materials and briefs in opposition to a motion for summary judgment. The order states, "[t]he opponent shall file with the clerk all evidentiary materials in opposition to the motion not later than 21 days" after any motion for summary judgment is filed. (Id. ¶ 2.) In addition, "[t]he opponent's brief must be submitted to the court on the day the evidentiary materials are filed." (Id.) Plaintiff did not file a response in opposition to defendant's motion.[2] Upon consideration of the record, the submissions of the parties, and the relevant law, the court

---

[1] Plaintiff also asserts a claim for negligent operation. Defendant does not seek summary judgment on this claim.

[2] Plaintiff, by and through her counsel, orally informed the court that she does not oppose defendant's motion.

16

is of the opinion that defendant's motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; see FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to judgment as a matter of law on plaintiff's wanton operation and negligent and wanton entrustment claims. Plaintiff has not come forward with any evidence showing a dispute as to any factual contention of defendant. Thus, plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendant's Motion for Partial

Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 8th day of May, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge